Pfeifer, J.,
dissenting.
{¶ 29} The majority opinion requires the parents of Kyle Smith to have known in 2002 what the General Assembly would enact in 2004. Only if Kyle’s parents were gifted with such prescience could they have known that they should have sent notice — pursuant to a version of R.C. 1343.03 that did not yet exist — to the tortfeasors and their insurers that a cause of action had accrued. Only with that foreknowledge could Kyle Smith’s parents have known what to do to fully protect their son’s future, to know that the prejudgment-interest clock could start running only if they complied with a statute that was not yet a statute.
{¶ 30} Instead, they relied on the statute that existed at the time Kyle was injured. They relied on a statute that stated that prejudgment interest would be calculated from the date that the cause of action accrued, a statute that did not require notice to insurers and tortfeasors that a cause of action had accrued. That additional burden required by R.C. 1343.03(C)(1)(c)(i) makes its application in this case unconstitutionally retroactive. This court has held that the Retroactivity Clause “ ‘nullifies those new laws that “reach back and create new burdens, new duties, new obligations, or new liabilities not existing at the time [the statute becomes effective].” Miller v. Hixson (1901), 64 Ohio St. 39, 51, 59 N.E. 749, 752.’ Bielat [v. Bielat], 87 Ohio St.3d [350,] 352-353, 721 N.E.2d 28 [(1999)].” Tobacco Use Prevention & Control Found. Bd. of Trustees v. Boyce, 127 Ohio St.3d 511, 2010-Ohio-6207, 941 N.E.2d 745, ¶ 14.
{¶ 31} Moreover, the version of R.C. 1343.03 in place at the time Kyle was injured recognized that prejudgment interest could be awarded on future damages. That fact is something the majority opinion skims over when it states that “this case concerns only a change in the method of calculating the preexisting substantive right to prejudgment interest.” Majority opinion at ¶ 26. No—R.C. 1343.03(C)(2) eliminates the preexisting substantive right to interest on future damages. That right to the “substantive benefit” of prejudgment interest on *112 future damages was created by former R.C. 1343.03(C). Huffman v. Hair Surgeon, Inc., 19 Ohio St.3d 83, 88, 482 N.E.2d 1248 (1985), fn. 7. A statute that takes away a substantive right is not remedial.
The Lawrence Firm, P.S.C., Jennifer L. Lawrence, and Richard D. Lawrence; Ginger S. Bock Law Office, Inc., and Ginger S. Bock, for appellees.
Reminger Co., L.P.A., Martin T. Galvin, Stephen E. Walters, and Clifford C. Masch; Lindhorst & Dreidame Co., L.P.A., Michael F. Lyon, and Bradley D. McPeek, for appellants.
{¶ 32} Finally, the majority admits that the 2004 amendment to R.C. 1343.03(C) was not expressly made retrospective. This court should not read into the statute a retroactive application to causes of action that accrued before its enactment. We have no reason to contemplate that the General Assembly intended the unjust and inequitable interpretation this court imposes on Kyle Smith and his family in this case. Only this court can take credit for that.
O’Neill, J., concurs in the foregoing opinion.